Frank Thomas COLE, Jr., Appellant,

v.

The STATE of Texas, State.

No. 2–97–180–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 12, 1998.

Publication Ordered March 12, 1998.

Discretionary Review Refused
June 24, 1998.

---

Law Office of Allan K. Butcher, Allan K. Butcher, Allan K. Butcher, Jr., Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Assistant and Chief of the Appellate Section, Tanya S. Dohoney, Michael Meyer, Jamie Cummings, Assistants, Fort Worth, for Appellee.

Before CAYCE, C.J., and DAY and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

Frank Thomas Cole was convicted by a jury of aggravated sexual assault and indecency with a child. The jury sentenced him to 60 years' confinement for the aggravated assault and twenty years for the indecency charge, along with fines totaling $15,000. Cole's sole issue on appeal is whether the trial court erred by allowing the State to introduce multiple extraneous offenses not alleged in the indictment or included in the State's notice. Because Cole failed to contemporaneously object to admission of the

evidence, any error was waived and we affirm the trial court's judgment.

## Background

Cole was indicted for aggravated sexual assault and indecency with a child for incidents occurring with his step-daughter when she was five years old. The indictment specified that Cole penetrated her mouth with his sexual organ and caused her to touch his genitals. Cole filed a pre-trial motion requesting notice of extraneous offenses that the State intended to introduce in its case in chief. The trial court denied the motion as it pertained to incidents involving the victim.

Prior to trial, the State filed a "Notice of Intent to Use Outcry Statement Pursuant to Art. 38.072 Texas Code of Criminal Procedure" containing a detailed summary of several incidents where the child stated that Cole had digitally penetrated her, and that he made her perform oral sex. The State did not file a notice of extraneous offenses pursuant to Cole's pre-trial motion.

Cole objected to the victim's testimony, her outcry statements made to others, and his own confession concerning incidents where Cole used his finger to penetrate the child as extraneous offenses not alleged in the indictment. Cole objected that these incidents were inadmissible because the State failed to give him notice as requested under article 38.37 and rule 404(b). The objections were overruled and testimony concerning incidents with the victim was allowed into evidence.

## Extraneous Offense Evidence

Cole contends that the evidence introduced about separate incidents of him sexually touching the child are extraneous offenses since the indictment only alleges Cole penetrated the child's mouth with his sexual organ and caused the child to touch his genitals on or about June 1995. Cole asserts that because the State failed to give him the required notice of intent to use these extraneous offenses under article 38.37 or rule 404(b) upon his timely request, it was error for the court to allow them into evidence. The State argues that Cole failed to preserve error by contemporaneously objecting to the

evidence, that Cole failed to use the proper form of objection to the extraneous offenses, and that Cole received actual notice because of the State's notice of intent to use the victim's outcry statement under article 38.072, the State's open file policy, and the fact that the offenses were contained in Cole's confession.

■■■■ If a defendant fails to object after a question has been asked and answered, and no legitimate reason is shown for the delay, his objection is untimely and error is waived. *See Lagrone v. State*, 942 S.W.2d 602, 618 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 118 S.Ct. 305, 139 L.Ed.2d 235 (1997). Further, a party must object each time inadmissible evidence is offered. *See Ethington v. State*, 819 S.W.2d 854, 858 (Tex.Crim.App. 1991). Any error is cured where the same evidence comes in elsewhere without objection. *See id.*

■■■ The record reflects that Cole objected to the introduction of separate incidents of sexual contact outside of those alleged in the indictment at a pre-trial hearing. The trial court overruled his notice objection as it related to incidents regarding the particular victim. However, at trial the victim was asked who touched her private parts. She answered that Cole did. Three more questions followed about the incidents before Cole objected to the questioning as involving extraneous offenses. Further, other questions about Cole's sobriety and actions were asked and answered without timely objection by him.

Although Cole later made running objections to several of the witnesses' testimony and a proper rule 404 and rule 403 objection outside of the jury's presence to expert witness testimony about the same incidents, Cole's earlier failure to timely object to the victim's testimony concerning various incidents where Cole touched her waived any error. *See Ethington*, 819 S.W.2d at 858. The record reflects Cole's objections were untimely and therefore insufficient to preserve any error on appeal. *See* TEX.R.APP. P. 33.1.

Even if Cole had preserved error with timely objections, he had sufficient notice of the incidents to be introduced at trial. Article 38.37 requires that extraneous crimes, wrongs, or acts are admissible, among other things, to show the relationship between the defendant and child. TEX.CODE CRIM. PROC. ANN. art. 38.37 (Vernon Supp.1998). However, the article also requires that, upon timely request, the state is required to give notice in the same manner as rule 404(b) of the State's intent to use extraneous offense evidence to show the prior or subsequent relationship between the defendant and child. *See id.* at § 3.

Cole contends this case is analogous to *Buchanan v. State,* 911 S.W.2d 11 (Tex.Crim. App.1995). The court in *Buchanan* held that the State's "open file" policy was insufficient notice under 404(b), stating:

> It is undisputed that appellant made a timely written request for such Rule 404(b) notice. The transcript contains a copy of such an instrument, "Request For Notice Of Intent To Introduce Rule 404(b) Evidence." The plain language of Rule 404(b) requires upon such request that the State give notice "of intent to introduce in [its] case in chief such evidence...." We cannot conclude that the mere opening of its file containing an offense report detailing extraneous evidence satisfies the requirement of giving notice "of intent to introduce" such evidence. The mere presence of an offense report indicating the State's awareness of the existence of such evidence does not indicate an "intent to introduce" such evidence in its case in chief. As noted above, Rule 404(b) requires the State to give notice of intent to introduce such evidence "in [its] case in chief[.]" Thus the answer to appellant's second

question for review is that the State's "open file" policy does not comply with Rule 404(b)'s above-discussed requirement that the State provide notice in advance of trial of its intent to introduce such extraneous evidence in its case in chief.

*Id.* at 15.

Here, the State did not comply with Cole's request for notice under article 38.37 or rule 404(b). However, the State filed a "Notice of Intent to Use Outcry Statement Pursuant to Art. 38.072 Texas Code of Criminal Procedure" which contained the mother's statement about the victim's outcry statements. The mother stated the child told her about Cole touching her several times "down there" with his fingers, as well as making her engage in oral sex.

■ At trial, the child testified about different incidents where Cole touched her sexually or had her touch him. The mother then testified about the statements the child made to her regarding several incidents of touching. The doctor who examined the child related that the child told him that Cole touched her genitals and made her perform oral sex. Cole's confession was also introduced and related several incidents where he touched the genitals of the child and performed other sexual conduct.[1]

■ The general rule is that an accused may not be tried for a collateral crime or for being a criminal generally. *See Williams v. State,* 662 S.W.2d 344, 346 (Tex.Crim.App. 1983). In the context of sexual abuse of a child, criminal evidence rule 404 and criminal procedure article 38.37 require that, upon timely request, the State give notice of its intent to introduce extraneous offenses relating to the relationship between the child and

---

**1.** The trial court viewed the incidents as part of the whole transaction, or "same transaction contextual evidence." Same transaction contextual evidence is not subject to the notice requirements outlined above. *See Hodge v. State,* 940 S.W.2d 316, 319 (Tex.App.—Eastland 1997, pet. ref'd.). While we are not directly presented with this issue, we recognize that sexual abuse of a child rarely involves one distinct incident, but is usually an escalation of incidents over a period of time. Thus, in some cases, related incidents of sexual abuse of the same victim could provide context to the described offense. *See Sledge v.*

*State,* 953 S.W.2d 253, 259 (Tex.Crim.App.1997) (Mansfield, J., concurring) (stating separate incidents identified at the hearing were not extraneous offenses at all, but were part of a stream of continuous acts of criminal sexual misconduct against the victim named in the indictment); *Lockhart v. State,* 847 S.W.2d 568, 571 (Tex. Crim.App.1992), *cert. denied,* 510 U.S. 849, 114 S.Ct. 146, 126 L.Ed.2d 108 (1993) (evidence of extraneous offense indivisibly connected to the charged offense may be admissible to explain the context of the offense).

the defendant. TEX.R.CRIM. EVID. 404(b); TEX.CODE CRIM. PROC. ANN. art. 38.37 § 2, 3 (Vernon Supp.1998).

The purpose of the notice requirement is to prevent surprise to the defendant and apprise him of the offenses the State plans to introduce at trial. *See Self v. State*, 860 S.W.2d 261, 264 (Tex.App.—Fort Worth, 1993, pet. ref'd). Similarly, the purpose of article 38.072 is to prevent the defendant from being surprised by the introduction of the outcry-hearsay testimony. *See Fetterolf v. State*, 782 S.W.2d 927, 930–31 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd); *Brown v. State*, 756 S.W.2d 793, 797 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd).

Because the State gave sufficient notice under article 38.072 to allow admission of the victim's outcry statement detailing various incidents of touching and abuse not alleged in the indictment, the trial court was not required to deny admission to testimony about those incidents. Because the State provided Cole with the required notice of the outcry statement that contained many references to sexual touching incidents between Cole and the victim, Cole has no grounds for claiming that he was surprised by the victim's testimony about these incidents, or the other witnesses' testimony of what the child told them about these incidents.

Although the State's open file policy alone was not sufficient to provide Cole with notice, that policy combined with the notice of the outcry statement and Cole's voluntary confession relating the very same incidents gave him sufficient notice that these incidents would be introduced at trial.[2]

### Conclusion

Because Cole failed to contemporaneously object to the victim's statements about the extraneous offenses any error in their admission was waived. We overrule Cole's sole point and affirm the trial court's judgment.

---

2. Even if admission of any of the incidents could be found as error, given the evidence introduced about the indicted offenses of forced oral sex and masturbation it is quite unlikely the few other incidents of digital penetration had a substantial and injurious effect or influence in determining the jury's verdict. *See Coggeshall v. State*, 961 S.W.2d 639, 642–43 (Tex.App.—Fort Worth, 1998, n.w.h.).