COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-424-CR

JERRY DALE PRATT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

A jury convicted Jerry Dale Pratt of
 
two counts of sexual assault of a child under the age of seventeen
 
and assessed his punishment at life imprisonment plus a $10,000 fine on each of the two counts upon finding the repeat offender paragraph of the indictment to be true.
  
In four issues, Pratt appeals his conviction. 
 We affirm
.

II. Factual and Procedural Background 

In February 2003, Detective Mark Devon Pitt, a Fort Worth police officer, was called to investigate an allegation of sexual assault of a girl by her father. Pitt interviewed both Pratt, the father, and his daughter, T.M.  T.M. told Pitt that Pratt had raped her at their home a week earlier.  She claimed Pratt used a condom and then disposed of the wrapper in a soft drink can.  She stated further that he took photographs of them having sex.  Based on his investigation, Pitt obtained a search warrant for their home.  Inside the residence, the officers found two computers, various pornographic materials, unused condoms, condom wrappers stuffed in a Pepsi can, a camera, and numerous CD ROMs.  Pratt was subsequently arrested and charged with sexual assault of a child under seventeen.   

III. Legal Sufficiency

In Pratt’s third issue, he complains that the trial court erred by failing to grant his motion for instructed verdict of not guilty because the evidence was legally insufficient to support the conviction.  
A challenge to the denial of a motion for instructed verdict is actually a challenge to the legal sufficiency of the evidence.  
McDuff v. State
, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997); 
Franks v. State
, 90 S.W.3d 771, 789 (Tex. App.—Fort Worth 2002, no pet.).  In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.
 The trier of fact is
 
the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).
 Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).
 We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

To establish that Pratt committed the offense of sexual assault of a child under seventeen years of age, the State had to prove that Pratt intentionally or knowingly caused the penetration of T.M.’s female sexual organ by any means, or that he caused T.M.’s sexual organ to contact the mouth, anus, or sexual organ of another person, including himself, and that T.M. was younger than seventeen years of age.  
S
ee
 Tex. Penal Code 
§ 22.011(a)(2) (Vernon Supp. 2005). 
 

Pratt argues that the evidence is insufficient because T.M. recanted shortly after 
Pratt was arrested.  He contends that she is 
a “completely incredible witness.”  However, a recantation does not destroy the probative value of the prior statement.  
Chambers v. State
, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).  
The fact finder is entitled to judge the credibility of the witnesses and may believe all, some, or none of the testimony presented.  
Id
.  
Moreover, at trial the State admitted  photographs that Pratt took of himself and T.M. having sex; and also offered T.M.’s testimony describing these acts.  
Having considered the record in the light most favorable to the verdict, we conclude a rational trier of fact could have found the essential elements of the offense of sexual assault of a child beyond a reasonable doubt.  
See Jackson
, 443 U.S. at 319; 
Mason v. State
, 905 S.W.2d 570, 574 (Tex. Crim. App. 1995).  We therefore conclude that the evidence is 
legally sufficient, and we overrule Pratt’s third issue.

IV. Motion to Suppress

In his first issue, Pratt argues that the trial court erred by denying his motion to suppress the evidence obtained pursuant to a search warrant because the search warrant affidavit does not state sufficient facts to establish probable cause.  He also contends that evidence obtained from two subsequent warrants should be excluded as fruit of the poisonous tree. 

A magistrate’s determination to issue a warrant is subject to a deferential standard of review.  
Swearingen v. State
, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004).  The task of the issuing magistrate is to make a practical common sense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place.  
Johnson v. State
, 803 S.W.2d 272, 288 (Tex. Crim. App. 1990), 
cert. denied
, 501 U.S. 1259 (1991),
 overruled on other grounds by
 
Heitman v. State
, 815 S.W.2d 681, 685 n.6 (Tex. Crim. App. 1991).  The magistrate’s determination of probable cause will be sustained if the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing.  
Swearingen
, 143 S.W.3d at 811. 

A search warrant affidavit must indicate that a specific offense has been committed, describe the property or items that constitute evidence of the offense or evidence that a particular person committed the offense, and indicate that the property or items to be searched for or seized are located at the place to be searched.  
Tex. Code Crim. Proc. Ann
. art. 18.01(c) (Vernon 2005).  The Texas Court of Criminal Appeals has long held that when interpreting search warrants and their affidavits, magistrates and courts should read the warrant and affidavit together in a common sense realistic fashion and avoid a hypertechnical analysis.  
Faulkner v. State
, 537 S.W.2d 742, 744 (Tex. Crim. App. 1976).

Pratt contends that the search warrant affidavit does not “describe the property in the warrant nor does it state that these items are inside the residence.”  However, the search warrant affidavit contains Pratt’s and T.M.’s address and a description of the residence.  It also states that the sexual assault took place at Pratt’s residence in his bedroom on his bed.  Paragraph eleven of the affidavit states that Pratt used a digital camera to take pictures during the sex act and then uploaded the pictures to his computer.  Additionally, paragraph twelve states that Pratt showed pornographic pictures to T.M.  The affidavit also mentions that Pratt used condoms during the sex act and placed the empty wrappers in a soda can.  Moreover, the warrant incorporates the affidavit by reference, and the two documents were attached. This makes the affidavit part of the warrant.
  See Phenix v. State
, 488 S.W.2d 759, 764 (Tex. Crim. App. 1973).  And the warrant specifically sets forth the pieces of evidence that are to be collected from the residence.
(footnote: 2)  

Thus, giving deference to the magistrate’s determination of probable cause, we hold that the magistrate had a substantial basis for concluding that probable cause existed to issue the search warrant.  We overrule Pratt’s first issue.

V. Extraneous Act Evidence

In Pratt’s second issue, he argues that the trial court erred in admitting evidence because it was illegally seized in violation of the United States and Texas Constitutions and the Texas Code of Criminal Procedure.  Specifically, he argues that the State failed to give him adequate notice, pursuant to article 38.37 of the Texas Code of Criminal Procedure, of its intent to offer evidence of extraneous evidence of the sexual history between himself and T.M. and of its intent to admit pornographic images of children that were obtained from his residence during the execution of the search warrant.  The State argues that Pratt was not surprised by any of the extraneous act evidence because he received actual notice of the acts in the nine-count indictment and through the multiple notices that the State filed pursuant to rule 404(b) of the Texas Rules of Evidence and article 37.07 of the Texas Code of Criminal Procedure.  The State also points to the Tarrant County District Attorney‘s open file policy as evidence that Pratt had notice. 

The general rule is that an accused may not be tried for a collateral crime or for being a criminal generally.  
See Williams v. State
, 662 S.W.2d 344, 346 (Tex. Crim. App. 1983).  In the context of sexual abuse of a child, 
article 38.37 and rule 404(b) require that, upon timely request, the State give notice of its intent to introduce extraneous offenses relating to the relationship between the child and the defendant.
  Tex. Code Crim. Proc. Ann
. art. 38.37, §§ 2-3 (Vernon Supp. 2005);
 Tex. R. Evid
. 404(b).  Additionally, article 38.072 of the Texas Code of Criminal Procedure requires the State to notify a defendant if it intends to admit outcry evidence of a child abuse victim.  
See
 
Tex. Code Crim. Proc. Ann
. art. 38.072, § 2(b)(1)(A) (Vernon 2005).

The purpose of the notice requirements in articles 38.072 and 38.37 is to prevent unfair surprise to the defendant and to apprise him of the extraneous offenses and the outcry-hearsay testimony the State plans to introduce at trial.  
See Self v. State
, 860 S.W.2d 261, 264 (Tex. App.—Fort Worth 1993, pet ref’d); 
Fetterolf v. State
, 782 S.W.2d 927, 930-32 (Tex. App.—Houston [14th Dist.] 1989, pet. ref’d); 
Brown v. State
, 756 S.W.2d 793, 797 (Tex. App.—Houston [14th Dist.] 1988, pet ref’d).

During the guilt-innocence phase of the trial, the State introduced extraneous evidence of the sexual history between Pratt and T.M.
(footnote: 3)  Before trial, Pratt made a timely request for notice of the State’s intent to introduce extraneous evidence pursuant to article 38.37, but the State did not comply with Pratt’s request for notice. 
 
However, the State did file a notice of intent to use the outcry statement pursuant to art. 38.072 of the Texas Code of Criminal Procedure.  The notice contained T.M.’s friends’ descriptions of her outcry statements.  The friends’ statements said that T.M. told them that Pratt had been sexually assaulting her since the age of five.  

The State also filed multiple notices pursuant to rule 404(b) of its intent to offer evidence of other crimes, wrongs, or acts.
(footnote: 4)  The State’s second notice stated that the State intended to introduce evidence that Pratt had engaged in sexual intercourse and deviate sexual intercourse with T.M. from January 1, 1988 to February 9, 2003.  In the State’s third notice, the State declared that it intended to introduce evidence that Pratt possessed images of children in nude, provocative, and tortured positions.  

In addition, Pratt received notice of acts of sexual abuse of T.M. dating back to September of 1997 from the nine-count indictment that was handed down by the Tarrant County grand jury almost ten months before the trial.
(footnote: 5) Pratt also had access to the State’s file through its open file policy, and the file contained T.M.’s statement to police in which she stated that Pratt had been sexually abusing her since she was five years old.  The file also contained the outcry statements and the outcry notice.   

Here, the trial court was not required to deny admission of T.M.’s testimony detailing the history of Pratt’s sexually assaulting her b
ecause the State gave Pratt sufficient notice under article 38.072.  
See Cole v. State,
 987 S.W.2d  893, 897 (Tex. App.—Fort Worth 1998, pet ref’d).  Because the State provided Pratt with the required notice of the outcry statement that contained references to sexual acts between Pratt and T.M., Pratt has no grounds for claiming that he was surprised by T.M.’s testimony about these incidents.  
See id
.  Nor can Pratt complain that he was surprised by the introduction of the evidence of the images of children found at his residence because he received notice from the State as required by 404(b).  
See
 
Tex. R. Evid
. 404(b).  Although the State’s open file policy alone was not enough to provide Pratt with notice, that policy combined with the notice of the outcry and the nine-count indictment against him gave him sufficient notice that these incidents would be introduced at trial.  
Cf. Cole, 
987 S.W.2d at 897 (holding open file policy combined with notice of outcry statement and defendant’s voluntary confession gave defendant sufficient notice that extraneous incidents would be introduced at trial).  We overrule Pratt’s second issue.

VI. Enhancement 

In his fourth issue, Pratt complains that the trial court erred by admitting a 1972 prior sodomy conviction into evidence because the penitentiary packet insufficiently connected the prior conviction to Pratt.  
A prior conviction can be proven by the introduction of a “pen packet.”  
See Cuddy v. State
, 107 S.W.3d 92, 96 (Tex. App.—Texarkana 2003, no pet.).  However, the State must show that the defendant is the same person named in the pen packet, which the State frequently does by presenting evidence that the fingerprints in the pen packet are those of the defendant.  
See Beck v. State,
 719 S.W.2d 205, 210 (Tex. Crim. App. 1986).

At punishment, the State offered into evidence a “pen packet,” which consisted of several documents from the Texas Department of Criminal Justice, for the purpose of proving that Pratt had been previously convicted of sodomy. Pratt claims that there is no evidence that the Jerry Dale Pratt referenced in those documents is the same Jerry Dale Pratt in this case.  We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard.  
Burden v. State
, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001); 
Green v. State
, 934 S.W.2d 92, 101-02 (Tex. Crim. App.
1996), 
cert. denied
, 520 U.S. 1200 (1997); 
Montgomery
 
v. State
, 810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990).  The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action; rather, it is a question of whether the court acted without reference to any guiding rules or principles, and the mere fact that a trial court may decide a matter within its discretionary authority differently than an appellate court does not demonstrate such an abuse.  
Montgomery
, 810 S.W.2d at 391.  We will not reverse a trial court's ruling on the admission of evidence as long as the ruling is within the zone of reasonable disagreement.  
Id
. 

In the present case, Officer Kaiser of the Tarrant County Sheriff’s Department testified that the fingerprints on the fingerprint card in the pen packet and the fingerprints taken from Pratt the day before in court were made by the same person, Pratt.  Additionally, the name and date of birth on the fingerprint card matches that of the Jerry Dale Pratt on trial in the underlying case.  Therefore, we conclude that the trial court did not abuse its discretion in admitting the 1972 prior sodomy conviction, and we overrule Pratt’s fourth issue.

VII. Conclusion

Having overruled all of Pratt’s issues, we affirm the trial court’s judgment.

BOB MCCOY

JUSTICE

PANEL A: HOLMAN, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: December 22, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.

2:
The warrant directed the police to search for and seize the following:  (1) soda cans containing a condom wrapper; (2) photographs, videotapes, and other visual images of children or adults engaged in sexual activity; (3) any computer storage device such as computer discs, diskettes, tape and hard drives; (4) computer hardware that may contain hard drives on which adult or child pornography is recorded; (5) any used or unused condoms; (6) any cameras that may have been used to take photographs of the victim and the defendant; and (7)sheets off the bed in the defendant’s room.  

3:
The evidence consisted of T.M.’s statement in which she stated that Pratt had been molesting her since the age of five and also pictures that Pratt took of he and T.M. having sex a few weeks before the incident that he was charged with in the underlying case.   

4:
The State’s 404(b) notice to Pratt did not specify whether the State intended to introduce the evidence during the guilt-innocence or the punishment phase of the trial.  

5:
Before trial, the State waived all but two counts and the repeat offender notice.