COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-04-424-CR

 

 

JERRY DALE PRATT                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I. Introduction








A jury convicted Jerry Dale
Pratt of two counts of sexual assault of a child under the age of
seventeen and assessed his punishment at life imprisonment plus a
$10,000 fine on each of the two counts upon finding the repeat offender
paragraph of the indictment to be true. 
In four issues, Pratt appeals his conviction.  We affirm.

II. Factual and Procedural Background


In February 2003, Detective
Mark Devon Pitt, a Fort Worth police officer, was called to investigate an
allegation of sexual assault of a girl by her father. Pitt interviewed both
Pratt, the father, and his daughter, T.M. 
T.M. told Pitt that Pratt had raped her at their home a week
earlier.  She claimed Pratt used a condom
and then disposed of the wrapper in a soft drink can.  She stated further that he took photographs of
them having sex.  Based on his
investigation, Pitt obtained a search warrant for their home.  Inside the residence, the officers found two
computers, various pornographic materials, unused condoms, condom wrappers
stuffed in a Pepsi can, a camera, and numerous CD ROMs.  Pratt was subsequently arrested and charged
with sexual assault of a child under seventeen.   

III. Legal Sufficiency








In Pratt=s third issue, he complains that the trial court erred by failing to
grant his motion for instructed verdict of not guilty because the evidence was
legally insufficient to support the conviction. 
A challenge to the denial of a motion for instructed verdict is actually
a challenge to the legal sufficiency of the evidence.  McDuff v. State, 939 S.W.2d 607, 613
(Tex. Crim. App. 1997); Franks v. State, 90 S.W.3d 771, 789 (Tex. App.CFort Worth 2002, no pet.).  In
reviewing the legal sufficiency of the evidence to support a conviction, we
view all the evidence in the light most favorable to the verdict in order to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789 (1979); Ross v. State, 133 S.W.3d 618, 620
(Tex. Crim. App. 2004).

This standard gives full play
to the responsibility of the trier of fact to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789. The trier of fact is the sole judge of the
weight and credibility of the evidence.  See Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App.
2000). Thus, when performing a legal sufficiency review, we may not re-evaluate
the weight and credibility of the evidence and substitute our judgment for that
of the fact finder.  Dewberry v. State,
4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131
(2000). We must resolve any inconsistencies in the evidence in favor of the
verdict.  Curry v. State, 30
S.W.3d 394, 406 (Tex. Crim. App. 2000).








To establish that Pratt
committed the offense of sexual assault of a child under seventeen years of
age, the State had to prove that Pratt intentionally or knowingly caused the
penetration of T.M.=s female
sexual organ by any means, or that he caused T.M.=s sexual organ to contact the mouth, anus, or sexual organ of another
person, including himself, and that T.M. was younger than seventeen years of
age.  See Tex. Penal
Code '
22.011(a)(2) (Vernon Supp. 2005).  








Pratt argues that the
evidence is insufficient because T.M. recanted shortly after Pratt was
arrested.  He contends that she is a Acompletely incredible witness.@  However, a recantation does
not destroy the probative value of the prior statement.  Chambers v. State, 805 S.W.2d 459, 461
(Tex. Crim. App. 1991).  The fact finder
is entitled to judge the credibility of the witnesses and may believe all,
some, or none of the testimony presented. 
Id.  Moreover, at trial the
State admitted  photographs that Pratt
took of himself and T.M. having sex; and also offered T.M.=s testimony describing these acts. 
Having considered the record in the light most favorable to the verdict,
we conclude a rational trier of fact could have found the essential elements of
the offense of sexual assault of a child beyond a reasonable doubt.  See Jackson, 443 U.S. at 319; Mason
v. State, 905 S.W.2d 570, 574 (Tex. Crim. App. 1995).  We therefore conclude that the evidence is
legally sufficient, and we overrule Pratt=s third issue.

IV.
Motion to Suppress

In his first issue, Pratt
argues that the trial court erred by denying his motion to suppress the
evidence obtained pursuant to a search warrant because the search warrant
affidavit does not state sufficient facts to establish probable cause.  He also contends that evidence obtained from
two subsequent warrants should be excluded as fruit of the poisonous tree. 

A magistrate=s determination to issue a warrant is subject to a deferential
standard of review.  Swearingen v.
State, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004).  The task of the issuing magistrate is to make
a practical common sense decision whether, given all the circumstances set
forth in the affidavit before him, there is a fair probability that contraband
or evidence of a crime will be found in a particular place.  Johnson v. State, 803 S.W.2d 272, 288
(Tex. Crim. App. 1990), cert. denied, 501 U.S. 1259 (1991), overruled
on other grounds by Heitman v. State, 815 S.W.2d 681, 685 n.6 (Tex.
Crim. App. 1991).  The magistrate=s determination of probable cause will be sustained if the magistrate
had a substantial basis for concluding that a search would uncover evidence of
wrongdoing.  Swearingen, 143
S.W.3d at 811. 








A search warrant affidavit
must indicate that a specific offense has been committed, describe the property
or items that constitute evidence of the offense or evidence that a particular
person committed the offense, and indicate that the property or items to be
searched for or seized are located at the place to be searched.  Tex.
Code Crim. Proc. Ann. art. 18.01(c) (Vernon 2005).  The Texas Court of Criminal Appeals has long
held that when interpreting search warrants and their affidavits, magistrates
and courts should read the warrant and affidavit together in a common sense realistic
fashion and avoid a hypertechnical analysis. 
Faulkner v. State, 537 S.W.2d 742, 744 (Tex. Crim. App. 1976).








Pratt contends that the
search warrant affidavit does not Adescribe the property in the warrant nor does it state that these
items are inside the residence.@  However, the search warrant
affidavit contains Pratt=s and T.M.=s address and a description of the residence.  It also states that the sexual assault took
place at Pratt=s residence
in his bedroom on his bed.  Paragraph
eleven of the affidavit states that Pratt used a digital camera to take
pictures during the sex act and then uploaded the pictures to his
computer.  Additionally, paragraph twelve
states that Pratt showed pornographic pictures to T.M.  The affidavit also mentions that Pratt used
condoms during the sex act and placed the empty wrappers in a soda can.  Moreover, the warrant incorporates the
affidavit by reference, and the two documents were attached. This makes the
affidavit part of the warrant.  See
Phenix v. State, 488 S.W.2d 759, 764 (Tex. Crim. App. 1973).  And the warrant specifically sets forth the
pieces of evidence that are to be collected from the residence.[2]  

Thus, giving deference to the
magistrate=s
determination of probable cause, we hold that the magistrate had a substantial
basis for concluding that probable cause existed to issue the search
warrant.  We overrule Pratt=s first issue.

V.
Extraneous Act Evidence








In Pratt=s second issue, he argues that the trial court erred in admitting
evidence because it was illegally seized in violation of the United States and
Texas Constitutions and the Texas Code of Criminal Procedure.  Specifically, he argues that the State failed
to give him adequate notice, pursuant to article 38.37 of the Texas Code of
Criminal Procedure, of its intent to offer evidence of extraneous evidence of the
sexual history between himself and T.M. and of its intent to admit pornographic
images of children that were obtained from his residence during the execution
of the search warrant.  The State argues
that Pratt was not surprised by any of the extraneous act evidence because he
received actual notice of the acts in the nine-count indictment and through the
multiple notices that the State filed pursuant to rule 404(b) of the Texas
Rules of Evidence and article 37.07 of the Texas Code of Criminal Procedure.  The State also points to the Tarrant County
District Attorney>s open file
policy as evidence that Pratt had notice. 

The general rule is that an
accused may not be tried for a collateral crime or for being a criminal generally.  See Williams v. State, 662 S.W.2d 344,
346 (Tex. Crim. App. 1983).  In the
context of sexual abuse of a child, article 38.37 and rule 404(b) require that,
upon timely request, the State give notice of its intent to introduce
extraneous offenses relating to the relationship between the child and the
defendant.  Tex. Code Crim. Proc. Ann. art. 38.37,
'' 2-3 (Vernon Supp. 2005); Tex.
R. Evid. 404(b).  Additionally,
article 38.072 of the Texas Code of Criminal Procedure requires the State to
notify a defendant if it intends to admit outcry evidence of a child abuse
victim.  See Tex. Code Crim. Proc. Ann. art. 38.072,
' 2(b)(1)(A) (Vernon 2005).








The purpose of the notice
requirements in articles 38.072 and 38.37 is to prevent unfair surprise to the
defendant and to apprise him of the extraneous offenses and the outcry-hearsay
testimony the State plans to introduce at trial.  See Self v. State, 860 S.W.2d 261, 264
(Tex. App.CFort Worth
1993, pet ref=d); Fetterolf
v. State, 782 S.W.2d 927, 930-32 (Tex. App.CHouston [14th Dist.] 1989, pet. ref=d); Brown v. State, 756 S.W.2d 793, 797 (Tex. App.CHouston [14th Dist.] 1988, pet ref=d).

During the guilt-innocence
phase of the trial, the State introduced extraneous evidence of the sexual
history between Pratt and T.M.[3]  Before trial, Pratt made a timely request for
notice of the State=s intent to
introduce extraneous evidence pursuant to article 38.37, but the State did not
comply with Pratt=s request
for notice.  However, the State
did file a notice of intent to use the outcry statement pursuant to art. 38.072
of the Texas Code of Criminal Procedure. 
The notice contained T.M.=s friends= descriptions
of her outcry statements.  The friends= statements said that T.M. told them that Pratt had been sexually
assaulting her since the age of five.  








The State also filed multiple
notices pursuant to rule 404(b) of its intent to offer evidence of other
crimes, wrongs, or acts.[4]  The State=s second notice stated that the State intended to introduce evidence
that Pratt had engaged in sexual intercourse and deviate sexual intercourse
with T.M. from January 1, 1988 to February 9, 2003.  In the State=s third notice, the State declared that it intended to introduce
evidence that Pratt possessed images of children in nude, provocative, and
tortured positions.  

In addition, Pratt received
notice of acts of sexual abuse of T.M. dating back to September of 1997 from
the nine-count indictment that was handed down by the Tarrant County grand jury
almost ten months before the trial.[5]
Pratt also had access to the State=s file through its open file policy, and the file contained T.M.=s statement to police in which she stated that Pratt had been sexually
abusing her since she was five years old. 
The file also contained the outcry statements and the outcry
notice.   








Here, the trial court was not
required to deny admission of T.M.=s testimony detailing the history of Pratt=s sexually assaulting her because the State gave Pratt sufficient
notice under article 38.072.  See Cole
v. State, 987 S.W.2d  893, 897 (Tex.
App.CFort Worth 1998, pet ref=d).  Because the State provided
Pratt with the required notice of the outcry statement that contained
references to sexual acts between Pratt and T.M., Pratt has no grounds for
claiming that he was surprised by T.M.=s testimony about these incidents. 
See id.  Nor can Pratt
complain that he was surprised by the introduction of the evidence of the
images of children found at his residence because he received notice from the
State as required by 404(b).  See Tex. R. Evid. 404(b).  Although the State=s open file policy alone was not enough to provide Pratt with notice,
that policy combined with the notice of the outcry and the nine-count
indictment against him gave him sufficient notice that these incidents would be
introduced at trial.  Cf. Cole, 987
S.W.2d at 897 (holding open file policy combined with notice of outcry
statement and defendant=s voluntary
confession gave defendant sufficient notice that extraneous incidents would be
introduced at trial).  We overrule Pratt=s second issue.

VI. Enhancement 








In his fourth issue, Pratt
complains that the trial court erred by admitting a 1972 prior sodomy
conviction into evidence because the penitentiary packet insufficiently
connected the prior conviction to Pratt. 
A prior conviction can be proven by the introduction of a Apen packet.@  See Cuddy v. State, 107 S.W.3d 92, 96
(Tex. App.CTexarkana
2003, no pet.).  However, the State must
show that the defendant is the same person named in the pen packet, which the
State frequently does by presenting evidence that the fingerprints in the pen
packet are those of the defendant.  See
Beck v. State, 719 S.W.2d 205, 210 (Tex. Crim. App. 1986).

At punishment, the State
offered into evidence a Apen packet,@ which consisted of several documents from the Texas Department of
Criminal Justice, for the purpose of proving that Pratt had been previously
convicted of sodomy. Pratt claims that there is no evidence that the Jerry Dale
Pratt referenced in those documents is the same Jerry Dale Pratt in this
case.  We review the trial court's
decision to admit or exclude evidence under an abuse of discretion
standard.  Burden v. State, 55
S.W.3d 608, 615 (Tex. Crim. App. 2001); Green v. State, 934 S.W.2d 92,
101‑02 (Tex. Crim. App.1996), cert. denied, 520 U.S. 1200 (1997); Montgomery
v. State, 810 S.W.2d 372, 379‑80 (Tex. Crim. App. 1990).  The test for abuse of discretion is not
whether, in the opinion of the reviewing court, the facts present an
appropriate case for the trial court's action; rather, it is a question of
whether the court acted without reference to any guiding rules or principles,
and the mere fact that a trial court may decide a matter within its
discretionary authority differently than an appellate court does not
demonstrate such an abuse.  Montgomery,
810 S.W.2d at 391.  We will not reverse a
trial court's ruling on the admission of evidence as long as the ruling is
within the zone of reasonable disagreement. 
Id. 








In the present case, Officer
Kaiser of the Tarrant County Sheriff=s Department testified that the fingerprints on the fingerprint card
in the pen packet and the fingerprints taken from Pratt the day before in court
were made by the same person, Pratt. 
Additionally, the name and date of birth on the fingerprint card matches
that of the Jerry Dale Pratt on trial in the underlying case.  Therefore, we conclude that the trial court
did not abuse its discretion in admitting the 1972 prior sodomy conviction, and
we overrule Pratt=s fourth
issue.

VII. Conclusion

Having overruled all of Pratt=s issues, we affirm the trial
court=s
judgment.

 

 

 

 

 

BOB MCCOY

JUSTICE

 

PANEL A:   HOLMAN, GARDNER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
December 22, 2005

 

 

 











[1]See Tex. R. App. P. 47.4.





[2]The warrant directed the police to
search for and seize the following:  (1)
soda cans containing a condom wrapper; (2) photographs, videotapes, and other
visual images of children or adults engaged in sexual activity; (3) any
computer storage device such as computer discs, diskettes, tape and hard
drives; (4) computer hardware that may contain hard drives on which adult or
child pornography is recorded; (5) any used or unused condoms; (6) any cameras
that may have been used to take photographs of the victim and the defendant;
and (7)sheets off the bed in the defendant=s room.  





[3]The evidence consisted of T.M.=s statement in which she stated
that Pratt had been molesting her since the age of five and also pictures that
Pratt took of he and T.M. having sex a few weeks before the incident that he
was charged with in the underlying case.  






[4]The State=s 404(b) notice to Pratt did not
specify whether the State intended to introduce the evidence during the
guilt-innocence or the punishment phase of the trial.  





[5]Before trial, the State waived all
but two counts and the repeat offender notice.