02-09-213-CR















 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 
 


 

 

COURT OF APPEALS

SECOND DISTRICT OF
TEXAS

FORT WORTH

 

NO. 02-09-00213-CR

 

 


 
 
 MELVIN HALL JR.
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 THE
 STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM CRIMINAL
 DISTRICT COURT NO. 3 OF TARRANT
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

 

I.  Introduction

          Appellant Melvin Hall Jr.
appeals his conviction for three counts of aggravated sexual assault of a child
and two counts of indecency with a child. 
In two points, Hall argues that the trial court abused its discretion by
admitting an extraneous offense in the guilt/innocence phase and that he was
denied his Sixth Amendment right to effective assistance of counsel.  We will affirm.

II. 
Factual Background

          Hall,
a retired Major League Baseball player, recruited the complainant at age twelve
to play on a competitive basketball team that he coached.  The complainant began playing on Hall’s basketball
team the following fall around the time that she turned thirteen.  During this time, Hall asked if he could move
in with the complainant’s family, and he stayed at their home for three to five
months while a house was allegedly being built for him in Southlake.  While Hall was living with the complainant’s
family, he began to masturbate in front of the complainant, to kiss her, and to
tell her that she was pretty.  The
complainant testified that she felt like she was in a boyfriend/girlfriend
relationship with Hall.

          In the
fall after the complainant turned thirteen, Hall moved into an apartment with a
lady named Jodi and his son named Gavin.  The complainant went to Hall’s apartment on
many occasions to babysit Gavin.  Hall eventually
started putting his hand down the complainant’s pants and put his finger inside
her vagina.  When Hall kissed the
complainant, he asked her to tell him that she loved him.  Hall also asked the complainant to touch his
penis, and he would put his hand on her hand and show her what to do.  Hall exposed the complainant to pornography on
television at his apartment.  Throughout
this time, Hall continued to coach the complainant and to take her to
basketball practices; on the way there, Hall would put his hand in the
complainant’s shirt to touch her breasts and give her a look, and she would
perform oral sex on him while he was driving her to basketball practice.

When the complainant turned fifteen,
she “felt violated, . . . . like that was not supposed to happen.”  She eventually told a few people but told them
not to tell anyone.  In 2007, the
complainant talked to the police and gave a statement. Hall was indicted later
that year for the offenses described above.

III. 
Extraneous Offense Testimony Came in Without Objection

          The
complainant’s brother testified that sometimes Hall would take off his pants in
front of him and the complainant, would lay on the floor or the bed without his
underwear on, and would put his feet in the air and “sort of kick them.” Hall
objected to this testimony as inadmissible extraneous offense evidence; Hall
did not ask for, and did not receive, a running objection.  In his first point, Hall argues that the trial
court abused its discretion by admitting this extraneous offense testimony by
the complainant’s brother during the guilt/innocence phase of the trial because
the State had no need for it and because the unfair prejudice from the
testimony substantially outweighed any minimal probative value it might have
had.  The State argues that Hall waived
this contention because the complainant subsequently testified without
objection to these same facts.

          To preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling if they are not apparent from the
context of the request, objection, or motion. 
Tex. R. App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265
(Tex. Crim. App. 1998) (op. on reh’g), cert. denied, 526 U.S.
1070 (1999).  Further, the trial court
must have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court’s
refusal to rule.  Tex. R. App. P.
33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

To preserve error, a party
must continue to object each time the objectionable evidence is offered.  Martinez v. State, 98 S.W.3d 189, 193
(Tex. Crim. App. 2003) (citing Ethington v. State, 819 S.W.2d 854, 858
(Tex. Crim. App. 1991)); Fuentes v. State, 991 S.W.2d 267, 273 (Tex.
Crim. App.), cert. denied, 528 U.S. 1026 (1999).  A trial court’s erroneous admission of
evidence will not require reversal when other such evidence was received
without objection, either before or after the complained-of ruling.  Leday v. State, 983 S.W.2d 713, 718
(Tex. Crim. App. 1998).  This rule
applies whether the other evidence was introduced by the defendant or the
State.  Id.

          Here, the
complainant testified after her brother, “Well, it first started off, he [Hall]
would lay on his back, and he would have his legs in the air, and he would
shake his legs back and forth, and he didn’t have any clothes on.”  Hall did not object to this testimony by the
complainant.  Because Hall failed to
object each time the extraneous offense was offered, he failed to preserve his
complaint and has thus forfeited this argument on appeal.  See
Martinez, 98 S.W.3d at 193; see also Cole
v. State, 987 S.W.2d 893, 895 (Tex. App.––Fort Worth 1998, pet. ref’d)
(holding that appellant’s failure to timely object to victim’s testimony
concerning various incidents where appellant touched her waived any error; the
record reflected that appellant did not object until after three questions were
asked about extraneous offenses).  We
overrule Hall’s first point.

IV. 
Ineffective Assistance Not Shown on the Record

          In his
second point, Hall argues that he was denied his Sixth Amendment right to
effective assistance of counsel because his three attorneys failed to object to
extraneous offense evidence; elicited prejudicial evidence of other victims;
failed to object to bolstering by the State and, in fact, called a witness who
bolstered the complainant’s credibility; failed to request a reasonable doubt
instruction as to extraneous offenses; and failed to request a limiting
instruction as to extraneous offense evidence which permitted the jury to
consider character propensity as guilt evidence. 

          A.      Standard
of Review

          To establish ineffective assistance of counsel, appellant
must show by a preponderance of the evidence that his counsels’ representation
fell below the standard of prevailing professional norms and that there is a
reasonable probability that, but for counsels’ deficiency, the result of the
trial would have been different.  Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas
v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); Mallett v. State,
65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); Thompson v. State, 9
S.W.3d 808, 812 (Tex. Crim. App. 1999).

          In
evaluating the effectiveness of counsel under the first prong, we look to the
totality of the representation and the particular circumstances of each
case.  Thompson, 9 S.W.3d at 813.  The issue is whether counsels’ assistance was
reasonable under all the circumstances and prevailing professional norms at the
time of the alleged error.  See
Strickland, 466 U.S. at 688–89, 104 S. Ct. at 2065.  Review of counsels’ representation is highly
deferential, and the reviewing court indulges a strong presumption that counsels’
conduct fell within a wide range of reasonable representation.  Salinas, 163 S.W.3d at 740; Mallett,
65 S.W.3d at 63.  A reviewing court will
rarely be in a position on direct appeal to fairly evaluate the merits of an
ineffective assistance claim.  Thompson,
9 S.W.3d at 813–14.  “In the majority of
cases, the record on direct appeal is undeveloped and cannot adequately reflect
the motives behind trial counsel’s actions.” 
Salinas, 163 S.W.3d at 740 (quoting Mallett, 65 S.W.3d at
63).  To overcome the presumption of
reasonable professional assistance, “any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.”  Id.
(quoting Thompson, 9 S.W.3d at 813). 
It is not appropriate for an appellate court to simply infer ineffective
assistance based upon unclear portions of the record.  Mata v. State, 226 S.W.3d 425, 432 (Tex.
Crim. App. 2007).  “But, when no
reasonable trial strategy could justify the trial counsel’s conduct, counsel’s
performance falls below an objective standard of reasonableness as a matter of
law, regardless of whether the record adequately reflects the trial counsel’s
subjective reasons for acting as she did.” 
Andrews v. State, 159 S.W.3d
98, 102 (Tex. Crim. App. 2005).

          The
second prong of Strickland requires a showing that counsels’ errors were
so serious that they deprived appellant of a fair trial, i.e., a trial with a
reliable result.  Strickland, 466
U.S. at 687, 104 S. Ct. at 2064.  In
other words, appellant must show there is a reasonable probability that, but
for counsels’ unprofessional errors, the result of the proceeding would have
been different.  Id. at 694, 104
S. Ct. at 2068.  A reasonable probability
is a probability sufficient to undermine confidence in the outcome.  Id. 
The ultimate focus of our inquiry must be on the fundamental fairness of
the proceeding in which the result is being challenged.  Id. at 697, 104 S. Ct. at 2070.

B.      Ineffectiveness Not Raised in Motion For
New Trial

Although Hall filed a motion for new
trial, he did not raise ineffective assistance in the motion.  Consequently, any trial strategy that Hall’s
attorneys may have had for their challenged actions is not contained in the
record.  Hall argues, however, that no
reasonable trial strategy exists that could justify his trial counsels’
conduct.  Accordingly, Hall argues that
his failure to raise ineffectiveness in his motion for new trial and to create
a record at a motion for new trial hearing concerning his trial counsels’
strategy is not fatal to his appellate ineffectiveness claim.  We will address each of Hall’s allegations of
ineffectiveness.

          C.      Failure
to Object to Extraneous Offense Evidence

In his first ineffective assistance subissue,
Hall argues that his attorneys were ineffective because they failed to object to
the complainant’s testimony before the jury that Hall had said to her, “Sally
[complainant’s basketball teammate] is having sex with me.  Why don’t you?”  During a pretrial hearing, the trial court
heard Hall’s motion in limine concerning this statement.  The State objected to the granting of a motion
in limine concerning this statement, explaining, “[W]e would like a
clarification . . . [u]nder extraneous offenses, we would still want to be
allowed, before approaching, to go into extraneous conduct between the victim
and defendant, 38.37 information.”  The
State explained that it was not offering the statement for the truth of the
matter asserted but to show “the manipulative behavior of this defendant in
attempting to persuade the victim that it was okay to have sex with him, which
goes right to the heart of 38.37.” After allowing both the State and Hall to
further summarize their respective positions, the trial court ultimately ruled that
“if [the statement is] being offered, not for the truth of the matter asserted,
but to show relationship of the parties and the state of mind of the defendant,
then I’ll deny your motion in limine as to that statement.” 

The trial court determined that the
statement fit into an exception to the rule excluding extraneous offense
evidence.  See Tex. Code Crim. Proc. Ann. art. 38.37, § 2 (Vernon Supp. 2010) (stating that notwithstanding rules 404
and 405, evidence of other crimes, wrongs, or acts committed by the defendant
against the child who is the victim of the alleged offense shall be admitted
for its bearing on relevant matters, including the state of mind of the
defendant and the child).  Because the
failure to object to admissible evidence is not ineffective assistance of
counsel, see Muniz v. State, 851
S.W.2d 238, 258 (Tex. Crim. App.), cert.
denied, 510 U.S. 837 (1993), Hall’s trial counsel were not ineffective for
failing to object to this testimony by the complainant.

D.      Second Strickland
Prong Not Established Via Complainant’s Answer Implying Other Victims Existed

 

In his second ineffective assistance
subissue, Hall argues that his trial counsel provided ineffective assistance
when they elicited testimony from the complainant regarding other victims.  Specifically, Hall complains about the
following testimony:

Q.  Why didn’t
you tell your dad right then that this man was abusing you or had abused you?

A.  Because
people just -- I mean, people that don’t know me, they can’t -- I keep
everything bottled up inside me.  I’m not
someone who goes and tells things to -- people who know me, they know that.

          So someone
who looks on me like that, they wonder why, but people that know me understand.

Q.  You didn’t
think it was important enough to tell your father that a man that he was
excited to see was, in fact, your abuser?

A.  Well, I
thought it was just me.

Q.  You thought
what was just you?

A.  I thought it
was only happening to me, and I figured I could somehow get through it. 

          MS.
DUNBAR [one of Hall’s attorneys]: Objection, nonresponsive, Your Honor.

          THE
COURT:  Overruled. 

Hall argues that his trial counsel should have
objected to the complainant’s nonresponsive answer before asking, “You thought
what was just you?”  Hall further contends
that his trial counsel’s follow-up question compounded the problem.

Assuming, without deciding, that
trial counsel’s questioning above fell below reasonable professional standards
in satisfaction of Strickland’s first
prong, the record before us does not satisfy Strickland’s second prong. 
That is, the record does not reflect that this error––assuming it was
error––was so serious that it deprived Hall of a fair trial, i.e., a trial with
a reliable result.  466 U.S. at 687, 104
S. Ct. at 2064.  The record reflects that
the State did not mention the possibility of other victims in cross-examination
or in closing arguments.  The
complainant’s testimony about the acts that Hall had perpetrated against her was
detailed and graphic and more prejudicial than this one-sentence insinuation
that Hall had molested other girls.  The
State presented overwhelming evidence of Hall’s guilt, aside from the
complained-of testimony.  Thus, after
examining the record as a whole, we have a fair assurance that this one sentence
of testimony by the complainant did not influence the jury or had but a slight
effect.  See Prior v. State, 647 S.W.2d 956, 959–60 (Tex. Crim. App. 1983)
(holding that evidence of guilt in indecency with a child case was
overwhelming, even without the extraneous offenses; thus, the erroneous
admission of the extraneous offenses did not contribute to the finding of guilt
or to the punishment assessed and was therefore harmless); Thomas v. State, No. 01-07-00742-CR, 2008 WL 4757018, at *3 (Tex.
App.––Houston [1st Dist.] Oct. 30, 2008, pet. ref’d) (holding any error in
admitting extraneous offense testimony from psychological therapist harmless
because complainant’s testimony was “more detailed and graphic” and State
presented overwhelming evidence of guilt, aside from complained-of
evidence).  Accordingly, any error by
Hall’s counsel in eliciting this one answer from the complainant does not meet
the second Strickland prong.  See
Maxie v. State, No. 01-04-00524-CR, 2005 WL 2850228, at *7 (Tex.
App.––Houston [1st Dist.] Oct. 27, 2005, pet. ref’d) (mem. op., not designated
for publication) (stating that although cross-examination that bolsters rather
than challenges the prosecution’s case can be ineffective assistance of
counsel, in this case, appellant failed to show that trial counsel was
deficient when record was silent concerning trial counsel’s motives for asking
such questions; appellate court stated that “this is not one of those rare
cases in which the record shows that no plausible strategy could have been
employed”).

E.      Bolstering Complainant’s Credibility

In his third ineffective assistance
subissue, Hall argues that his trial counsel provided ineffective assistance by
calling a witness that the State used to bolster the complainant’s credibility
and by failing to object when the State bolstered the complainant’s credibility
through a rebuttal witness, Derrick.[2]  Hall’s trial counsel called Jodi––the woman
whom Hall lived with subsequent to staying at the complainant’s house––to
testify that she had never observed Hall viewing pornography with the
complainant and had never been present during any such alleged viewing.  During Jodi’s cross-examination, the following
exchange occurred:

Q. [THE STATE] Let me ask you
this:  Have you ever found [the
complainant] to be anything but credible to you?

A.  No. 

Hall also complains that Derrick’s testimony bolstered
the complainant’s credibility without objection from Hall’s counsel: 

Q. [THE STATE] So of all of
those girls, [the complainant] would be the most truthful of all of those young
ladies?

A.  Without a doubt.

. . . .

Q.  [THE STATE] There’s no question as to her
credibility?

A.  No, none whatsoever. 

Hall relies on Greene v. State, in which defense counsel elicited inadmissible
evidence, the appellant raised an ineffectiveness claim on appeal, and the appellate
court held that no coherent trial strategy was at work in defense counsel’s
conduct.  928 S.W.2d 119, 124 (Tex.
App.––San Antonio 1996, no pet.).  Here, however, unlike in Greene, in the two exchanges Hall
complains of, Hall’s trial counsel did not elicit the testimony he claims
constitutes bolstering; the prosecutor did. 
And although the court of criminal appeals has on many occasions
condemned any effort on the part of the State to bolster the credibility of its
witnesses by unsworn testimony, see Hill
v. State, 659 S.W.2d 94, 96 (Tex. App.––Houston [14th Dist.] 1983, no pet.)
(listing five court of criminal appeals’ decisions), the testimony here was not
unsworn.  Nor was the brief testimony
about the complainant’s credibility given by an expert.  See
generally Sessums v. State, 129 S.W.3d 242, 248 (Tex. App.––Texarkana 2004,
pet. ref’d) (relying on rule of evidence 702––i.e., expert testimony that a
particular witness is truthful is inadmissible––and holding that trial
counsel’s performance was deficient because he failed to object to four experts’
testimony that child victim was telling the truth).  Additionally, Hall’s trial counsel did not
delve into the reasoning behind the witnesses’ beliefs that the complainant was
telling the truth.  See generally Fuller v. State, 224 S.W.3d 823, 835–36 (Tex.
App.––Texarkana 2007, no pet.) (holding that there was no trial strategy for
trial counsel to allow the State’s witnesses to testify to the credibility and
truthfulness of the victim’s allegations and then, on cross-examination, to
explore the foundation for that witness’s belief in the credibility,
believability, or truthfulness of the victim’s allegations).

Finally, Hall’s trial counsel
effectively challenged the complainant’s credibility, especially during closing
argument.  Hall’s trial counsel argued, 

So what they’re doing is they’re bolstering their
witnesses.  They’re bolstering [the
complainant] by saying that she’s the most - - not only is she honest; she’s a
good person; she tells the truth.

But now, the last day, when they reopen their case, she’s
the most honest person ever.  That’s what
they brought you.

Do you think they might be overshooting their mark a little
here . . .  .

Think about that when you go back there.  Where is her mom?  Where is the detective in this case?  A criminal case with no detective.

No law enforcement personnel at all came in here and said,
“You know what?  I looked at the evidence
in this case.  I evaluated this case.  Then I filed this case.  I talked with the complainant in this
case.  I decided to file the case.”

No detective put up here by the State in a criminal
case.  [The complainant] said she mailed
her statement in.  That’s exactly what
the State did.  They mailed it in.  The detective mailed it in.

 

. . . .

 

Now, you have to remember how old she is when she wrote
that statement.  This is 2007.  This isn’t 1999.  This is a person with a 3.6 GPA from the
University of Southern Mississippi.

But guess what?  Four
days - - two days before we start trial, that statement changes.  She’s had two years to call the detective and
change her statement.  Never did it.  But its’ changed after the District
Attorney’s office interviews Jodi.

And when Jodi[’s] story didn’t match up with [the
complainant’s] story, [the complainant] changed her story.  Now, what do y’all think about that?

Eight years, never went to authorities.  Two years, didn’t change her statement.  Three weeks before this trial, the DAs
interview Jodi [].  Four days - - or two
days before trial, the story changes. 

 

Thus, the record reflects that Hall’s
counsels’ trial strategy very well could have been to permit the State to
predicate its entire case on the credibility of the complainant, in fact to
entice the State to overstate the complainant’s credibility––the State elicited
testimony and pointed it out in closing argument, that the complainant was
“[i]n the 200, girls, hundreds of girls I’ve coached, the most truthful”––and
to then undermine the complainant’s credibility.  The record before us simply does not support
Hall’s contention that no reasonable trial strategy could have existed for his
counsels’ failure to object when the State twice elicited testimony from
witnesses bolstering the complainant’s credibility.  Based on the record before us, Hall has failed
to overcome the “strong presumption” that his trial counsel provided reasonably
professional assistance. See Salinas, 163 S.W.3d at 740.

F.       Failure to Request Reasonable Doubt
Instruction and Failure to Request Appropriate Limiting Instruction

 

          In his
fourth and fifth ineffective assistance subissues, Hall argues that his trial
counsel rendered ineffective assistance by failing to request a reasonable
doubt instruction as to any extraneous offense admitted and by failing to
request that the trial court contemporaneously instruct the jury on the limited
purpose and reason for admissibility of any extraneous offense evidence.  Specifically, Hall contends that his trial
counsel failed to request a limiting instruction when the complainant’s brother
testified that Hall would take off his pants and underwear, put his feet in the
air, and kick and shake them.  

          As
pointed out by the State, the complained-of testimony concerned background
contextual evidence that was properly admissible pursuant to Texas Code of Criminal
Procedure article 38.37.  See Tex. Code Crim. Proc. Ann. art.
38.37, § 2.  Moreover, Hall does not argue that his trial
counsels’ failure to request a limiting instruction was so far below the range
of professional norms that no trial strategy could exist justifying the
conduct.  The record before us contains
no explanation for trial counsels’ decision not to object.  Absent an explanation for trial counsels’
omissions, the failure to request a limiting instruction does not compel a
conclusion that trial counsels’ performance was deficient.  See Boyd
v. State, 811 S.W.2d 105, 112 (Tex. Crim. App.) (overruling appellant’s
claims of ineffective assistance of counsel after concluding that appellant was
not deprived of effective assistance of counsel because he was not prejudiced
by trial counsel’s failure to request additional limiting instructions; “there
was no error attendant to the omission of additional instructions”), cert. denied, 507 U.S. 971 (1991); Beheler v. State, 3 S.W.3d 182, 185–86
(Tex. App.––Fort Worth 1999, pet. ref’d) (holding that because the record was
devoid of anything that reflected the defense counsel’s reasoning for failing
to request a limiting instruction on extraneous offenses, appellate court must
defer to the Strickland presumption
that defense counsel’s decisions were a part of a sound trial strategy).

          G.      Cumulative
Effect of Counsels’ Deficient Performance

In his sixth ineffective assistance
subissue, Hall argues that the cumulative effect of his trial counsels’ performance
was prejudicial to the outcome of his case.  Because we have held above that the acts
complained of by Hall do not meet both prongs of Strickland and thus do not constitute ineffective assistance, the
cumulative effect of Hall’s trial counsels’ performance was not prejudicial to
the outcome of his case.

Having disposed of all of Hall’s ineffective
assistance subissues, we therefore overrule Hall’s second point.

V. 
Conclusion

          Having
overruled both of Hall’s points, we affirm the trial court’s judgment.

 

 

                                                                             SUE
WALKER

                                                                             JUSTICE

 

PANEL: 
DAUPHINOT, WALKER, and GABRIEL, JJ.

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: 
November 4, 2010











[1]See Tex. R. App. P. 47.4.





[2]To
protect the complainant’s privacy as much as possible, we use only the first
names of witnesses throughout
the opinion.